# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-03038-KLM

---

THE ESTATE OF JEFFREY SCOTT LILLIS, by and through its co-personal representatives Meghan Lillis and Michele Driscoll, individually;
MEGHAN LILLIS, individually;
C.A.L., individually, a minor, by and through Michele Driscoll as guardian;
C.S.L., individually, a minor, by and through Michele Driscoll as guardian;
A.L., individually, a minor, by and through Robin Booth as next friend and mother;
JORDAN LILLIS, individually;
ASHLEY PERRY, individually;

      Plaintiffs,

  vs.

CORRECT CARE SOLUTIONS, LLC;
CORRECTIONAL HEALTHCARE COMPANIES, LLC;
GREAT PEAK HEALTHCARE SERVICES, P.C.;
CORRECTIONAL HEALTHCARE PHYSICIANS, P.C.;
MAXIM HEALTHCARE SERVIES, INC.;
ARAPAHOE COUNTY;
DENNIS L. FURR, D.O., individually;
RUTY KYAMBADDE, RN, individually;

      Defendants.

---

## DEFENDANTS CORRECT CARE SOLUTIONS, LLC; CORRECTIONAL HEALTHCARE COMPANIES, LLC; GREAT PEAK HEALTHCARE SERVICES, P.C.; CORRECTIONAL HEALTHCARE PHYSICIANS, P.C. AND DENNIS L. FURR, D.O's MOTION FOR LEAVE TO FILE DESIGNATION OF NON-PARTIES AT FAULT

---

      Defendants Correct Care Solutions, LLC; Correctional Healthcare Companies, LLC;

Great Peak Healthcare Services, P.C.; Correctional Healthcare Physicians, P.C. and Dennis L.

Furr, D.O., (hereinafter "the CHC Defendants"), by their attorneys, HALL, PRANGLE &

SCHOONVELD, LLC, hereby submit this Motion for Leave to File Designation of Nonparty Tortfeasors pursuant to C.R.S. § 13-21-111.5 as follows:

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that he conferred with Plaintiffs' counsel and counsel for Arapahoe County regarding the instant motion.  Counsel for Plaintiff, Meghan Lillis, opposes the CHC Defendants' motion in its entirety. Counsel for Plaintiffs, C.S.L., C.A.L., A.L., Jordan Lillis and Ashley Perry, as well as counsel for Arapahoe County, only oppose that portion of the motion as concerns Nurses Brown, Frank and Winegar on the grounds that the designation is untimely.

## LEGAL AUTHORITY

A non-party's negligence or fault may be considered:

"if the claimant entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary.  The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault."

C.R.S § 13-21-111.5(3)(b).

One of the purposes behind requiring non-party designations, including imposing a time limit and specifying the terms of notice, is to provide plaintiffs with notice of the non-party's potential liability, as well as the non-party's contact information, to ensure plaintiffs will be able to assess the nonparty's involvement and make case decisions accordingly. *Giles v. Inflatable Store, Inc*. 2008 WL 4079242 (D. Colo).  An important purpose of the non-party at fault statute, and its relatively short deadline of 90 days within which to make the designation, is to allow the plaintiff, "to respond to the designation by amending its complaint to add the designated party as a defendant or [take] whatever steps it deems appropriate." *Thompson v. Colorado and Eastern*

*Railroad Co.,* 852 P.2d 1328, 1329 (Colo.App.1993); *Resolution Trust Corp. v. Deloitte & Touche,* 818 F.Supp. 1406, 1409–09 (D.Colo.1993) (quoting F.D.I.C. v. Isham, 782 F.Supp. 524, 530 (D.Colo.1992)).

When proper notification is made

"[t]he jury shall return a special verdict, or, in the absence of a jury, the court shall make special findings determining the percentage of negligence or fault attributable to each of the parties and any persons not parties to the action of whom notice has been given pursuant to paragraph (b) of subsection (3) of this section to whom some negligence or fault is found and determining the total amount of damages sustained by each claimant."

C.R.S. § 13-21-111.5(2).

## RELEVANT FACTS

On December 12, 2016, Plaintiff filed a Complaint against the CHC Defendants, Maxim Healthcare Services, Inc. ("Maxim"), Arapahoe County, Anita Brown, RN, Robly Evans, RN, Denise Elwell, RN, Nancy Winegar, RN, Jason Frank RN, and Ruth Kyambadde, RN.   In their initial Complaint, Plaintiffs asserted claims against Dr. Furr and the individual Nurse Defendants for Deliberate Indifferent Medical Care (1st Claim for relief); against Arapahoe County, Maxim and CHC Defendants for Deliberately Indifferent Policies (2nd Claim for Relief); against CHC Defendants, Maxim, Furr, Nurse Evans, and Nurse Elwell for Wrongful Death (3rd Claim for Relief). *(See Docket #1-Copy of Complaint)*.

On or about March 7, 2017, the CHC Defendants filed Answers which all included a Notice of Contribution and Rights Relative to Designation of Nonparties.  Each of the Answers stated:

Plaintiffs are hereby notified that the judgment liability of CCS/CHP/CHC/Furr/Great Peak, if any, is limited to the degree of negligence or fault attributable to them pursuant to C.R.S. § 13-21-111.5. The Plaintiffs are further notified that CCS/CHP/CHC/Furr/Great Peak reserves the right to designate nonparties pursuant to C.R.S. § 13-21-111.5(3)(b). In the event of a settlement between Plaintiffs and any other Defendant and/or tortfeasor and/or a judgment

against the above named defendants and any party who may be joined in the future, Plaintiffs are further notified of CCS/CHP/CHC/Furr/Great Peak claimed rights of contribution and/or to a statutory credit for any such settlement or judgment pursuant to the provisions of C.R.S. §§ 13-50.5-103 through 105. In the event of a settlement between Plaintiffs and any other defendant or nonparty tortfeasors and/or in the event of a dismissal of a party without payment, this paragraph constitutes CCS/CHP/CHC/Furr/Great Peak's notice of designation pursuant to C.R.S. § 13-21-111.5.

*(See Docket #17, p. 14; Docket #18, p. 8; Docket #19, p. 11; Docket #20, p. 15- CHC Defendants Answers).*

On March 30, 2018, this Court issued an Order dismissing with prejudice Plaintiffs' First Claim for relief, Deliberate Indifferent Medical Care, against Furr, and Nurses Brown, Elwell, Winegar, and Frank; dismissing the Second Claim for relief, Deliberately Indifferent Polices, without prejudice as to Arapahoe County, with prejudice as to Maxim and the CHC Defendants. *(See Docket #87- Order)*.

Although the Deliberate Indifference claims against Frank, Winegar and Brown were dismissed, discovery regarding their involvement was conducted and their depositions were conducted on June 27, 2018 (Nurse Frank), July 12, 2018 (Nurse Winegar) and August 8, 2018 (Nurse Brown).

Thereafter on October 22, 2018, Plaintiffs filed their First Amended Complaint asserting claims against Nurse Evans and Kyambadde for Deliberate Indifferent Medical Care (1st Claim for Relief); against Arapahoe County and Sheriff Wachler for Deliberate Indifferent Polices (2nd Claim for Relief); and against the CHC Defendants, Maxim Nurses Evans and Elwell for Wrongful Death (3rd Claim for Relief). *(See Docket #118- Amended Complaint)*.

On November 5, 2018, the CHC Defendants filed Answers to the First Amended Complaint which Answers all included the same language as their Answers to the initial Complaint regarding a Notice of Contribution and Rights Relative to Designation of Nonparties.

*(See Docket #120, pp.10-11; Docket #121, p.14; Docket #122, p.14; Docket #123, pp. 12-13; Docket #124, p.8- CHC Defendants Answers to Amend Complaint)*.

On February 7, 2019, Plaintiffs settled the matter with Maxim, Evans and Elwell. A stipulation of Voluntary Dismissal with prejudice as to Maxim, Evans and Elwell was filed on February 7, 2019. *(See Docket #133 and 134)*.

## ARGUMENT

1) **NURSES EVANS AND ELWELL SHOULD BE DESIGNATED AS NON-PARTIES AT FAULT SINCE PLAINTIFFS HAVE SETTLED THEIR CLAIMS AGAINST THEM.**

Pursuant to C.R.S. 13-21-111. 5, a party's negligence **or** fault may be considered if the claimant entered into a settlement agreement with the nonparty. Here, Plaintiffs entered into a settlement agreement with Maxim Healthcare Services, Nurse Evans and Nurse Elwell, thus based on the plain language of C.R.S. 13-21-111.5 their fault shall be considered and CCS should be permitted to designate each as a non-party at fault. Moreover, prior to settlement neither of these nurses could have been designated as non-parties and the CHC Defendants are requesting leave within 90 days of same.

Thus, CHC's motion for leave to designate Nurses Evans and Elwell should be **GRANTED**.

2) **NURSES BROWN, WINEGAR, AND FRANK SHOULD BE DESIGNATED AS NON-PARTIES AT FAULT.**

Counsel for Arapahoe County objected to the designation of Nurses Brown, Winegar and Frank as non-parties, claiming such a designation would be untimely. Plaintiff's counsel objected but did not provide a basis.

All parties were aware of the CHC Defendants intention to designate any dismissed Defendants as non-parties at fault as indicated by their Answers to the Complaint and Amended Complaint. Further, the identity of Nurses Brown, Winegar and Frank were known to the Plaintiff from the inception of the litigation and included in Plaintiffs' initial Complaint. Thus, the purpose behind the short 90 day deadline, putting plaintiffs on notice, is irrelevant in this case as Plaintiffs were clearly on notice of these potential defendants.  Further, depositions were conducted on June 27, 2018 (Nurse Frank), July 12, 2018 (Nurse Winegar) and August 8, 2018 (Nurse Brown) and discovery regarding their involvement was conducted.  Not only were Plaintiffs and Arapahoe County aware of these potential Defendants, but they also know the involvement of each in the facts underlying this litigation.  Thus, there is no prejudice to Plaintiffs or Arapahoe County by permitting the CHC Defendants to designate these former Defendants as non-parties at this time.  If the CHC Defendants were not permitted to name Nurses Brown, Winegar and Frank as potential non-parties at fault, the CHC Defendants may be held liable for more than their fair share of liability. Failing to permit the CHC Defendants to designate these former defendants as non- parties at fault would be severely prejudicial.

## <u>CONCLUSION</u>

Wherefore, the CHC Defendants Motion for Leave to Designate Non-parties at fault should be **GRANTED** in its entirety and the CHC Defendants shall be permitted to file Non-party designations naming the following Non-Parties At Fault:

1) Robly Evans, RN
c/o Wheeler Trigg O;Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202

2) Denise Elwell, RN
c/o Wheeler Trigg O;Donnell LLP

6

370 17th Street, Suite 4500
Denver, CO 80202

4) Nancy Winegar, RN
c/o Arapahoe County Attorney's Office
5334 South Prince Street
Littleton, CO 80120

5) Jason Frank, RN
c/o Arapahoe County Attorney's Office
5334 South Prince Street
Littleton, CO 80120

6) Anita Brown, RN
c/o Arapahoe County Attorney's Office
5334 South Prince Street
Littleton, CO 80120

      **DATED:** March 4, 2019.

                                 Respectfully submitted:

                                 **HALL PRANGLE & SCHOONVELD**

                                 *s/ Todd J. Stalmack*
                                 Todd J. Stalmack, #50364
                                 Donna H. Bakalor, # 38854
                                 475 17th Street, Suite 800
                                 Denver, CO 80202
                                 Tel: (303) 383-4080
                                 Fax: (303) 383-4081
                                 Email: tstalmack@hpslaw.com

                                 Eric Schoonveld, #6207720
                                 200 South Wacker Drive, Suite 3300
                                 Chicago, Illinois 60606
                                 Tel: (312) 256-8339
                                 Email: eric@hpslaw.com
                                 *Attorneys for CHC Defendants*

## NON-PARTY DESIGNATION

## RELEVANT FACTS [1]

This case is arises out of the purportedly inadequate medical care that Jeffery Scott Lillis ("Lillis") received at Arapahoe County Detention Facility during mid-December 2014.  Lillis was a pre-trial detainee at Arapahoe County Detention Facility, when he began to show symptoms consistent with pneumonia on or about December 12, 2014.  Lillis ultimately died of sepsis and pneumonia on December 14, 2014.

### A)  Nurses Brown, Winegar, and Frank

In their initial Complaint, Plaintiffs asserted Deliberate Indifference claims against Nurses Brown, Winegar and Frank who were Arapahoe County employees.  These claims were dismissed by Magistrate Mix on March 30, 2018 on the grounds of qualified immunity.

Prior to Dr. Furr being consulted, Nurses Brown and Frank treated Lillis on December 12, 2014 in the medical unit.  Initially, Nurse Brown treated Lillis and charted that he had chills fever, congestion and a cough that was non-productive. However, she did not call a doctor or obtain any treatment for Lillis. Nurse Brown started Lillis on a headache protocol, adding ibuprofen and Gatorade to the other medications Lillis was already being given. That same day, Nurse Frank saw Lillis. He noted a temperature of 103.1, but did not take any other vitals. He did not call a doctor or get any treatment for Lillis.

Nurse Winegar saw Lillis on December 14 during the AM med pass.  She noted that he had an elevated pulse of 121, his throat was red, he had temperature of 98.1, blood pressure

---

[1] CHC/Furr do not conceded the statement of facts for any purpose other than the limited purpose of providing appropriate notification regarding the designation of the listed prior defendants as non-parties at fault pursuant to C.R.S  §13-21-111.5

104/71, respirations 18 and pulse ox 91%. Nurse Winegar did not call a doctor, did not contact Dr. Furr, or take any further steps to treat Lillis, but rather told him to rest and drink fluids.

These County employees all owed a duty of care to Lillis and breached their duty to him causing the injuries complained of in the Amended Complaint, to the extent they exist.

B) Nurses Evans and Elwell

In their Amended Complaint Plaintiffs asserted a Deliberate Indifference claim against Nurse Evans and a wrongful death claim against both Nurses Evans and Elwell. Plaintiffs and these Defendants reached a settlement on or about February 7, 2019.

Regarding Nurses Evans and Elwell's care and treatment of Lillis, on the afternoon of December 13, 2014, Nurse Evans evaluated Lillis and noted that, in addition to appearing agitated, Lillis had low blood pressure, high fever, high respiration, high pulse, and was coughing up blood. Nurse Evans called Dr. Furr, the on-call doctor, and "reported that Mr. Lillis had 'blood-tinged sputum.'"  Nurse Evans did not mention any of Lillis's other symptoms to Dr. Furr.   In response to Nurse Evan's report of Lillis's blood-tinged sputum, Dr. Furr ordered that Lillis receive a combination of prescription strength cough suppressants. Apparently, the medications Dr. Furr prescribed were unavailable at the facility, however, neither Nurse Evans or Elwell contacted Dr. Furr to advise him of same.

Thereafter, Nurse Elwell saw Lillis on December 13, while she was conducting med pass. She charted his temperature at 100.3. She did not take any other vitals, and advised him that no suppression medications were available. She saw Lillis again later that evening and noted some congestion in his L-Lower lung. However, she did not contact Dr. Furr or do anything else to help Lillis.

Both Nurses Evans and Elwell owed a duty of care to Lillis and breached their duty to him causing the injuries complained of in the Amended Complaint, to the extent they exist.

The facts set forth above are incorporated into this Nonparty Designation as if fully set forth below.   Based on information currently available to the CHC Defendants and Furr, they identify the following non-party tortfeasors:

1) Robly Evans, RN
c/o Wheeler Trigg O;Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202

2) Denise Elwell, RN
c/o Wheeler Trigg O;Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202

4) Nancy Winegar, RN
c/o Arapahoe County Attorney's Office
5334 South Prince Street
Littleton, CO 80120

5) Jason Frank, RN
c/o Arapahoe County Attorney's Office
5334 South Prince Street
Littleton, CO 80120

6) Anita Brown, RN
c/o Arapahoe County Attorney's Office
5334 South Prince Street
Littleton, CO 80120

The jury will be asked to consider the degree or percentage of negligence or fault attributable to the above named non-parties in determining whether the CHC Defendants and/or Dr. Furr are liable to Plaintiffs for any damages attributable to their negligence and wrongful death claims, to the extent they exist.

## CERTIFICATE OF REVIEW

Pursuant to C.R.S. § 13-20-602(3)(a), counsel certifies as follows:

1.      Counsel has consulted with an expert with expertise in the area of the alleged negligent conduct as set forth in this Designation of Nonparty Tortfeasors;

2.      The expert who has been consulted has reviewed all known facts relevant to the allegations of negligence and deliberate indifference as cited in Plaintiffs' Complaint and Amended Complaint;

3.      Based upon review of such facts, the expert has concluded that the designation of nonparty tortfeasors against the party named above does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and

4.      The expert who has reviewed all known facts relevant to the allegations contained within this designation of nonparty tortfeasors meets the requirements set forth in C.R.S. § 13-64-101 et seq., including 13-64-401.

**DATED:** March 4, 2019.

Respectfully submitted:

**HALL PRANGLE & SCHOONVELD**

*s/ Todd J. Stalmack*
Todd J. Stalmack, #50364
Donna H. Bakalor, # 38854
475 17th Street, Suite 800
Denver, CO 80202
Tel: (303) 383-4080
Fax: (303) 383-4081
Email: tstalmack@hpslaw.com

Eric Schoonveld, #6207720

200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
Tel: (312) 256-8339
Email: eric@hpslaw.com
*Attorneys for CHC Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2019, a true and correct copy of the foregoing was electronically filed using the CM/ECF system, which will send notification upon the following individuals:

Erica T. Grossman
Anna Holland Edwards
John R. Holland
Dan Weiss
Holland, Holland Edwards & Grossman, PC
1437 High Street
Denver, CO 80218
*Attorneys for Estate of Jeffrey Scott Lillis, C.S.L., C.A.L., A.L., Jordan Lillis, and Ashley Perry*

David Lane
Liana Orshan
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
*Counsel for Estate of Jeffrey Scott Lillis and Meghan Lillis*

Andrew H. Myers
James N. (Nick) Boeving
Wheeler Trigg O'Donnell, LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
*Attorneys for Defendants Maxim Healthcare Services, Inc.; Robly Evans, RN; Denis Elwell, RN*

Edward J. McNelis, III.
Christopher F. Quick
Sands Anderson, P.C.
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, VA 23218
*Attorneys for Defendants Correct Care Solutions, LLC; Correctional Healthcare Companies, LLC; Great Peak Healthcare Services, P.C.; Correctional Healthcare Physicians, P.C.; Dennis L. Furr, D.O.*

Edward Caswall
Deputy County Attorney
Arapahoe County Attorney's Office
5334 S. Prince Street
Littleton, CO 80120-1136
*Attorney for Defendants Arapahoe County; Anita Brown, RN; Nancy Winegar, RN; Jason Frank, RN; Ruth Kyambadde, RN*

/s/ *Michelle A. Davidson*
Michelle A. Davidson