IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03038-KLM

THE ESTATE OF JEFFREY SCOTT LILLIS, by and through its co-personal representatives
Meghan Lillis and Michele Driscoll,
MEGHAN LILLIS, individually,
C.A.L., individually, a minor, by and through Michele Driscoll as guardian,
C.S.L., individually, a minor, by and through Michele Driscoll as guardian,
A.L., individually, a minor, by and through Robin Booth as next friend and mother,
JORDAN LILLIS, individually, and
ASHLEY PERRY, individually,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY,
TYLER S. BROWN, in his official capacity as Arapahoe County Sheriff, and
RUTH KYAMBADDE, RN, individually;

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Motion for Emergency Stay of July 12, 2019 Discovery Order Pending Appeal, for Approval of Supersedeas Bond, and Notice of Intent to Appeal** [#218][1] (the "Motion"), filed by Non-parties Anita Brown, Jason Frank, and Nancy Winegar (hereinafter, the "Appellant Nurses"), who are three of the five Non-party Nurses who previously filed a Motion for a Protective Order and to Quash the Subpoena [#169] (the "Motion to Quash"). Plaintiffs timely filed a Response [#227] in opposition to the

---

[1] "[#218]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

present Motion [#218].

On July 12, 2019, the Court entered an Order [#207] granting in part, denying as moot in part, and taking under advisement in part Plaintiffs' Motion to Compel Production [#144] (the "Motion to Compel") and denying in full the Non-party Nurses' Motion to Quash [#169]. In short, the Order [#207] compelled disclosure of records relating to the Non-party Nurses that are in the custody of the Colorado Board of Nursing ("the Board"), which is part of Colorado's Department of Regulatory Agencies ("DORA"). The subpoena at issue was served on the Board. The Non-party Nurses intervened in this action to argue that the records should not be produced based on a lack of relevance, the Nurses' expectation of privacy, the settlement communications privilege, and the peer review privilege, the last of which the Court had already rejected in a prior Order [#135]. *Motion to Quash* [#169].

On July 19, 2019, the three Appellant Nurses filed a Notice of Appeal [#219] with respect to the Court's Order [#207] denying their Motion to Quash [#169]. The same day, shortly before filing the Notice of Appeal, the Appellant Nurses filed the present Motion [#218], in which they seek a stay of the Court's Order [#207] pursuant to Fed. R. Civ. P. 62(b) and 62(d). The other two Non-party Nurses, Robly Evans and Denise Elwell, are not parties to the present Motion [#218] or to the appeal.

### I. Fed. R. Civ. P. 62(d)

The Appellant Nurses rely for their stay request in part on Fed. R. Civ. P. 62(d). *Motion* [#218] at 6-10. In relevant part, Rule 62(d) provides:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify *an injunction*, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

(emphasis added). By its own terms, Rule 62(d) applies only to injunctions. The Appellant Nurses have provided no authority, and the Court has found none, where the meaning of "injunction" under Rule 62(d) has been deemed to include routine discovery orders, even when those discovery orders are directed at non-parties.

Accordingly, the Motion [#218] is **denied** to the extent it is asserted pursuant to Fed. R. Civ. P. 62(d).

## II. Fed. R. Civ. P. 62(b)

The Appellant Nurses further rely for their stay request on Fed. R. Civ. P. 62(b). *Motion* [#218] at 4-6. Rule 62(b) provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

According to the advisory committee's note on the 2018 amendment to Rule 62(b):

> A stay may be obtained under subdivision (b) at any time after judgment is entered. Thus a stay may be obtained before the [30-day] automatic stay [of subdivision (a)] has expired, or after the automatic stay has been lifted by the court.

"Rule 62(b) applies only to enforcement of a judgment." *Liberty Mut. Fire Ins. Co. V. Clemens Coal Co.*, No. 14-2332-CM, 2017 WL 4758948, at *1 (D. Kan. Oct. 20, 2017) (citation omitted). "Rule 62, read in its entirety, reflects the federal policy of providing a judgment creditor with security during the pendency of an appeal." *Id.* (citations omitted). "Courts have traditionally restricted application of Rule 62 to stays from money judgments," but Rule 62(b) is simply "inapplicable where the judgment at issue is neither monetary nor injunctive." *Id.* (citation and quotation marks omitted).

The Appellant Nurses have provided no case law from the Tenth Circuit Court of Appeals interpreting Rule 62(b) to apply in the circumstances of this case. The language of Rule 62(c)(1) provides some support for the interpretation that "judgment" includes both interlocutory judgments and final judgments. Fed. R. Civ. P. 62(c)(1) (discussing "an interlocutory or final judgment" under Rule 62). However, the Court is aware of no authority holding that a routine discovery order, even if deemed a "final order" that is appealable, may be considered a "judgment" for purposes of Rule 62(b). *See, e.g.*, *United States v. Copar Pumice Co., Inc.*, 714 F.3d 1197, 1206 (10th Cir. 2013) ("Generally, the denial of a motion to quash a subpoena is not a final order and not immediately appealable . . . ."); *Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir. 1993) (stating that generally "orders for the production of documents during the course of litigation are not 'final orders' subject to immediate appellate review").

Here, the underlying issue of the appeal is neither monetary nor injunctive, and no judgment, interlocutory or otherwise, has been entered. Accordingly, the Motion [#218] is **denied** to the extent it is asserted pursuant to Fed. R. Civ. P. 62(b).

### III. Stay Pending Appeal Pursuant to Preliminary Injunction Factors

Although Appellant Nurses appear to only rely on Fed. R. Civ. P. 62(d) and (b) in arguing the merits of a stay, *see generally Motion* [#218], Plaintiffs concede that the Court has the authority to stay enforcement of its Order [#207] pursuant to the Court's inherent power to control its own docket. *Response* [#227] at 4; *see Dixon v. Bd. of Cty. Commissioners of Crowley Cty.*, No. 15-cv-02727-NYW, 2017 WL 1880665, at *2 (D. Colo. May 9, 2017) ("It is well settled that federal courts have statutory or inherent power to stay

judgments and orders pending appeal.") (citation and quotation marks omitted). Therefore, to the extent that the Appellant Nurses argue that a stay is warranted under the same standard for granting a preliminary injunction in the context of Fed. R. Civ. P. 62(b), Plaintiffs agree that this is the proper framework courts apply when granting a stay pending appeal.

That standard requires the Court to consider whether the party seeking the stay has shown: "'(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay . . . is not granted; (3) the absence of harm to opposing parties if the stay . . . is granted; and (4) any risk of harm to the public interest.'" *Response* [#227] at 4 (quoting *Precision Concrete Cutting, Inc. v. Concrete Sidewalk Solutions*, No. 11-cv-01123-MEH, 2012 U.S. Dist. LEXIS 25838, at *12 (D. Colo. Feb. 29, 2012)). At least one court in this District has applied the preliminary injunction factors to a similar request for a stay. *See Acacia Inv. Grp., LLC v. Owners Ins. Co.*, No. 17-cv-00455-RM-KLM, 2017 WL 7691888, at *1 (D. Colo. Oct. 25, 2017) (applying the four preliminary injunction factors when considering a request by nonparties to stay an order that compelled the production of documents pending appeal of district court's denial of a motion to quash (citing *New Mex. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1246 (10th Cir. 2017))); *see also* 10th Cir. R. 8.1. Accordingly, the Court proceeds to address each of the four factors.

**A.      Likelihood of Success on Appeal**

With respect to the first factor, the Court finds that Appellant Nurses have failed to demonstrate a likelihood of success on their appeal. As an initial matter, the Court seriously doubts whether the Tenth Circuit has jurisdiction over Appellant Nurses' appeal. While this is a jurisdictional matter for the Tenth Circuit to ultimately decide, it is

nevertheless a merits question for this Court with respect to the instant Motion [#218]. *Castro, et al. v. Sanofi Pasteur Inc.*, No. 13-cv-2086, 2013 WL 3771493, at *1 (N.D. Ill. July 18, 2013) ("If the Court of Appeals does not have jurisdiction to hear the plaintiffs' appeal, then the appeal is doomed to fail and there is no need to issue a stay (as there would be no likelihood of success).").

The parties agree that, typically, orders denying motions to quash subpoenas or granting motions to comply with subpoenas are not immediately appealable. *Motion* [#218] at 4; *Response* [#227] at 5; *see, e.g.*, *In re Grand Jury Subpoena*, 709 F.3d 1027, 1028-29 (10th Cir. 2013). However, the Appellant Nurses assert that their appeal is appropriate at this time pursuant to an exception enunciated by *Perlman v. United States*, 247 U.S. 7 (1918). *Motion* [#218] at 4-5. The *Perlman* rule "permits a person claiming a privilege to immediately appeal the denial of a motion to quash a grand jury subpoena served on a third party . . . , so long as the appellant is not the subpoenaed witness." *United States v. Tucker*, 745 F.3d 1054, 1067 (10th Cir. 2014). "The specialized *Perlman* rule applies in our circuit only to cases in which an interlocutory appeal is sought by an intervenor who claims a justiciable interest in preventing a third party's disclosure of documents or testimony, and the party subject to the subpoena indicates that he or she will produce the records or testify rather than risk contempt." *Id.* (internal quotation marks omitted). However, "[t]his circuit has narrowly interpreted *Perlman* to apply in criminal grand jury proceedings," and has declined, at least so far, to extend *Perlman* beyond those parameters. *Copar Pumice Co., Inc.*, 714 F.3d at 1207; *but see id.* (distinguishing *United States v. Krane*, 625 F.3d 568 (9th Cir. 2010), on the basis that the privilege holder in *Krane*, unlike the privilege holder in *Copar Pumice*, was not a party to the civil litigation). Therefore, in the absence of Tenth

Circuit precedent indicating the applicability of the *Perlman* rule to the instant appeal, the Court is not persuaded by the Appellant Nurses' contention that the Tenth Circuit has appellate jurisdiction over this dispute.[2]

Nevertheless, even if the Tenth Circuit does have appellate jurisdiction over the Appellant Nurses' appeal, the Motion [#218] fails to adequately demonstrate that the appeal is likely to be successful on the merits. The Appellant Nurses argue that they "can show a likelihood of success on the merits of their appeal based on the [other preliminary injunction] factors." *Motion* [#218] at 9. However, to the extent that the Appellant Nurses rely on privacy and confidentiality concerns to reargue the merits of their Motion to Quash [#169], *see id.* at 6-8, the Court is not convinced that its prior finding on these points is likely to be reversed. In the Order, the Court analyzed *Martinelli v. District Court*, 612 P.2d 1083 (Colo. 1980) and *Flanagan v. Munger*, 890 F.2d 1557 (10th Cir. 1989) to conclude that the Appellant Nurses' privacy claims do not stand. *See* [#207] at 6-8. The Appellant Nurses do not even cite *Martinelli* or *Flanagan* in the present Motion [#218] and thus, the Court is not inclined to revisit its prior analysis here. To the extent that the Appellant Nurses argue that the "probability of success" requirement be relaxed in this circumstance, the Court finds, for the reasons addressed below, that the three "harm" factors do not so decidedly tip in the Appellant Nurses' favor to warrant such an approach. *See F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003) (explaining that "where the moving party has established that the three 'harm' factors tip decidedly in its favor, the

---

[2] To the extent that the Appellant Nurses contend that the *Perlman* rule implicitly requires an automatic stay in these circumstances, they concede that "there is no clear authority" to support this proposition and, for the reasons set forth above, the Court finds this contention without merit. *Motion* [#218] at 9.

'probability of success' requirement is somewhat relaxed").

**B.     Irreparable Harm**

With respect to the second factor, the Court finds that the Appellant Nurses have failed to show irreparable harm if the Court's Order [#207] is not stayed. The only harm the Appellant Nurses assert that they will suffer if a stay is not imposed is a violation of their confidentiality and privacy interests. *Motion* [#218] at 6-7. The Appellant Nurses further argue that their "right to immediate appellate review of the Order compelling production of confidential records would be rendered moot if the Board is required to produce documents responsive to Plaintiffs' subpoena." *Id.* at 7 (citing *In re National Mortg. Equity Corp. Mortg. Pool Certificates Litigation*, 821 F.2d 1422, 1424 (9th Cir. 1987)).

Addressing the second point first, Plaintiffs correctly note that the Ninth Circuit case on which the Appellant Nurses rely stated that the Ninth Circuit "ha[d] never considered whether an appeal under the *Perlman* doctrine is permissible in a civil setting or to an accountant-client relationship," and declined to do so in that case. *In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Litig.*, 821 F.2d 1422, 1424 (9th Cir. 1987); *Response* [#227] at 11 n.4. With respect to the potential harm to Appellant Nurses' confidentiality and privacy interests, the Court agrees with Plaintiffs that this potential harm is substantially alleviated by the protective order in this case. *Response* [#227] at 11; *see Protective Order* [#105]; *see also New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1250 (10th Cir. 2017) (noting that irreparable harm under a preliminary injunction inquiry "must be both certain and great, and not merely serious or substantial") (citation and quotations marks omitted). Plaintiffs state that their counsel have already conferred with counsel for DORA, who has indicated that she will mark all records produced

under the Court's Order [#207] as "confidential." *Id.* Plaintiffs further represent that they will not challenge the designation and that it is unlikely that Defendant will do so. *Id.* Moreover, Plaintiffs indicate that to the extent any of the records relating to the Appellant Nurses are introduced at trial or testimony is adduced from those records, Plaintiffs would be amenable to sealing the records or portions thereof at trial. *Id.* Accordingly, in light of these alleviating considerations, the Court finds that the Appellant Nurses have not demonstrated that they would suffer irreparable harm if the Order [#207] was not stayed. *See United States v. Copar Pumice Co., Inc.*, No. 09-cv-1201 JAP/KBM, 2012 WL 12906516, at *5-7 (D.N.M. July 16, 2012) (denying an emergency motion for a stay pending a determination by the Tenth Circuit of appellate jurisdiction under the *Perlman* rule, in part, because a confidentiality agreement ensured that those parties seeking the stay would not suffer immediate or irreparable harm).

**C.     Absence of Harm to Plaintiffs**

As to the third factor, the Court disagrees with the Appellant Nurses' assertion that Plaintiffs will not suffer an injury if the Court stays its Order [#207] requiring the production of records at issue. While it is true that the Appellant Nurses are not parties to this litigation, the Court has already rejected the argument that the documents related to the Appellant Nurses are not relevant to Plaintiffs' case. *See Order* [#207] at 5-6. Therefore, the brief and conclusory reassertion of this argument in the Motion [#218] is insufficient to show that the Appellant Nurses' threatened injury outweighs the injury to Plaintiffs to warrant the requested stay.

**D.     Public Interest**

Finally, as to the fourth factor, the Court finds that the Appellant Nurses have failed

to demonstrate that a stay would not be adverse to the public interest. The Appellant Nurses point to the potential threat to the policy interest in the confidentiality of DORA proceedings if the records at issue are produced, and argue that "[i]f licensed professionals have to fear redisclosure of confidential, peer review records it will have a substantial chilling effect on the investigative process." *Motion* [#218] at 8. Aside from the fact that this potential threat is likely reduced by the protective order in this case as discussed above, the Appellant Nurses fail to show how this particular disclosure would cause interference with DORA's enforcement proceedings more broadly. Moreover, the Appellant Nurses ignore the potential benefit to the greater public interest in the transparency, albeit limited, of important issues regarding supervision over the medical treatment of prisoners. Ultimately, while there may exist a legitimate interest in the confidentiality of DORA proceedings, the Court agrees with Plaintiffs that such an interest is outweighed here by the public's interest in the efficient and just handling of legal disputes which counsels against fragmentary and piecemeal appeals of non-final orders in the course of a typical case. *See Copar Pumice Co.*, 714 F.3d at 1204 (citing *Boughton*, 10 F.3d at 748).

Accordingly, the Court concludes that the Appellant Nurses have failed to demonstrate that the balance of equities warrants a stay.

### IV. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#218] is **DENIED**.

IT IS FURTHER **ORDERED** that the July 19, 2019 stay imposed on the Board as to the production of documents is **LIFTED**. *See Minute Order* [#221]. Accordingly,

IT IS FURTHER **ORDERED** that, **no later than 12:00 p.m. on July 31, 2019**, the Board shall produce the documents delineated in the Board's Privilege Log [#168-1] (subject to the redactions ordered by the Court in Order [#236]).

DATED: July 29, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge